UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD RICHARDSON,                          Case No. 12-12361

        Plaintiff,                          John Corbett O'Meara
v.                                          United States District Judge

CITY OF DETROIT RETIREMENT SYSTEMS, Michael Hluchaniuk
                                     United States Magistrate Judge
        Defendant.
_____/

## REPORT AND RECOMMENDATION
## MOTION TO DISMISS (Dkt. 23)

## I.    PROCEDURAL HISTORY

      Plaintiff, a prisoner in the custody of the Michigan Department of
Corrections, filed this action against the City of Detroit Retirement Systems on
May 31, 2012. (Dkt. 1). District Judge John Corbett O'Meara referred this matter
to the undersigned for all pretrial proceedings on June 21, 2012. (Dkt. 8). On
February 22, 2013, defendant filed a motion to dismiss the complaint, or in the
alternative, for summary judgment. (Dkt. 23). Plaintiff filed a response on March
12, 2013. (Dkt. 25). This matter is now ready for report and recommendation.

      For the reasons set forth below, the undersigned **RECOMMENDS** that
defendant's motion to dismiss be **GRANTED**.

II.     **FACTUAL BACKGROUND**

Plaintiff's complaint is rather sparse.  He seems to allege that he is bringing an action to recover retirement benefits under ERISA.  He also alleges violations of 42 U.S.C. 1983 and 1988 and refers to 28 U.S.C. 2283.  (Dkt. 1).  Plaintiff seeks an order to "cancel defendant from taking plaintiff's retirement pension, or modify the amount so plaintiff's wife receives half (1/2) of plaintiff's retirement pension." (Dkt. 1, Pg ID 7).  Plaintiff also asks the Court to order "defendants to pay plaintiff twelve thousand-seven hundred ($12,700.00) dollars, costs, and interest."  (Dkt. 1, Pg ID 7).  Plaintiff filed a virtually identical complaint against the Treasurer for the State of Michigan, in this District, Case No. 12-12362.  That complaint was recently dismissed.  *Richardson v. State of Michigan Treasurer*, Case No. 12-12362, Dkt. 32 (Order Adopting Report and Recommendation and granting Motion to Dismiss); Dkt. 33 (Judgment against plaintiff and in favor of defendant).

The following factual summary is taken from the report and recommendation entered in Case No. 12-12362, Dkt. 27.  Plaintiff is an inmate in a Michigan correctional facility, sentenced by the Wayne County Circuit Court to five to twelve years imprisonment.  Pursuant to the State Correctional Facility Reimbursement Act (SCFRA), plaintiff is indebted to the State for the cost of his care while in prison, and the State is entitled to up to 90% of his assets as reimbursement for the cost of this care.  Mich. Comp. Laws § 800.403(3).  The

primary asset at issue in this case is a public pension administered by the City of Detroit General Retirement System. SCFRA expressly identifies pension benefits as an asset from which the State can seek reimbursement. Mich. Comp. Laws § 800.401a(a).

On April 4, 2009, the State Treasurer filed a complaint and motion in the Wayne County Circuit Court seeking reimbursement from plaintiff's bank account balances and monthly pension benefits. The case was assigned to Circuit Court Judge Robert J. Colombo, Jr. and assigned case number 09-00B457-CZ. On April 9, 2009, the state court entered an *ex parte* order freezing plaintiff's pension benefits, Credit Union One bank accounts, and his prison account. The show cause hearing was scheduled for June 12, 2009. Plaintiff filed with the Court and served defense counsel with various written responses in which he argued that the State's claim violated the ERISA and his due process rights, and that the State's claim ran afoul of his ongoing support obligations. Before the show cause hearing, plaintiff removed the case to the United States District Court, Eastern District of Michigan.

On June 4, 2009, the state court case was removed to the U.S. District Court, Eastern District of Michigan (Ann Arbor) and assigned Case No. 09-12175. The State filed a motion to remand on the basis that the U.S. District Court lacked subject matter jurisdiction. Plaintiff opposed that motion. On August 4, 2009, this Court issued an order remanding the case to Wayne County Circuit Court. On

Report and Recommendation
Motion to Dismiss
*Richardson v. Detroit Pension Systems*; Case No. 12-12361

August 18, 2009, plaintiff appealed the remand order to the Sixth Circuit Court of Appeals, which subsequently dismissed the appeal.   On November 17, 2009, the Sixth Circuit issued a second order denying plaintiff's petition for rehearing and affirming its earlier dismissal.  Finally, plaintiff appealed to the U.S. Supreme Court, which denied certiorari.

In accordance with the remand order, on October 16, 2009, Judge Colombo conducted a show cause hearing.  In consideration of plaintiff's ongoing spousal support obligations, the State requested only 50% of the subject assets.  After reviewing all evidence before it, the Court issued a final order in which the State was awarded 50% of plaintiff's monthly pension benefits and a one-time 50% distribution of the Credit Union One bank accounts as partial reimbursement for plaintiff's cost of care.  The remaining 50% of the assets-the monthly pension benefits and bank account balances-was released to plaintiff, to be paid per his instructions.  Defendant points out that the State's recovery in the Circuit Court case was substantially less than the 90% permitted by SCFRA.  Mich. Comp. Laws § 800.403(3).  The State of Michigan is paid directly by the City of Detroit in accordance with the state court order.  In the companion case, the State of Michigan pointed out that it could not prevent other creditors from attaching the 50% reserved to plaintiff and it appears that, in 2010, plaintiff's 50% was subjected to a claim of legal support by Betty Richardson, his estranged wife, as well as taxes

and insurance premiums.

Lastly, the final order entered in Wayne County Circuit Court case number 09-008457-CZ became effective on November 9, 2009 when plaintiff failed to timely file an appeal or other motion for relief from judgment. Mich. Ct. Rule 7.101(B)(1)(a); Mich. Ct. Rule 2.614(A)(1).  Instead of exercising his rights in the Michigan state appellate process, plaintiff waited more than 2.5 years to file the instant lawsuit challenging the validity of the final order and requesting that this Court enter an amended order eliminating and/or adjusting the State's recovery pursuant to SCFRA, as well as retroactive monetary damages.

## III.   ANALYSIS AND CONCLUSION

### A.   Standard of Review

"When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996).  Further, a district court may "resolve factual disputes when necessary to resolve challenges to subject matter jurisdiction." *Id.*  Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).  A facial attack on subject matter jurisdiction goes to whether the plaintiff has properly alleged a basis for subject matter jurisdiction, and the trial court takes the allegations of the complaint as true.

*Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). A factual attack is a challenge to the factual existence of subject matter jurisdiction. No presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. *Ritchie*, 15 F.3d at 598. In matters regarding subject matter jurisdiction, the court may look to evidence outside the pleadings. *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003).

The Sixth Circuit adheres to the standard of review for Rule 12(b)(1) motions explained in *Mortensen v. First Federal Savings and Loan Ass'n*, 549 F.2d 884, 890 (3d Cir. 1977):

> The basic difference among the various 12(b) motions is, of course, that 12(b)(6) alone necessitates a ruling on the merits of the claim, the others deal with procedural defects. Because 12(b)(6) results in a determination on the merits of plaintiff's case, the plaintiff is afforded the safeguard of having all its allegations taken as true and all inferences favorable to plaintiff will be drawn. The decision disposing the case is then purely on the legal sufficiency of plaintiff's case: even were plaintiff to prove all its allegations he or she would be unable to prevail. In the interests of judicial economy it is not improper to dispose of the claim at that stage....
>
> The procedure under a motion to dismiss for lack of subject matter jurisdiction is quite different. At the outset we must emphasize a crucial distinction, often overlooked between 12(b)(1) motions that attack the complaint on its face and 12(b)(1) motions that attack the existence of subject matter jurisdiction in fact, quite apart

from any pleadings. The facial attack does offer similar safeguards to the plaintiff: the court must consider the allegations of the complaint as true. The factual attack, however, differs greatly for here the trial court may proceed as it never could under 12(b)(6) or Fed.R.Civ.P. 56. **Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction-its very power to hear the case-there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover the plaintiff will have the burden of proof that jurisdiction does in fact exist**.

*RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996)

(emphasis added), quoting *Mortensen*, 549 F.2d at 890-891.

 B. *Rooker-Feldman*

Plaintiff's complaint in this case should be dismissed based on the *Rooker-Feldman* doctrine, just as his complaint *Richardson v. State of Michigan Treasurer*, Case No. 12-12362 was dismissed.  The *Rooker-Feldman*[1] doctrine prohibits federal courts, other than the United States Supreme Court, from exercising "appellate jurisdiction over the decisions and/or proceedings of state courts, including claims that are 'inextricably intertwined' with issues decided in state court proceedings." *Executive Arts Studio, Inc. v. City of Grand Rapids*, 391 F.3d

---

[1] The *Rooker-Feldman* doctrine is named for *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

783, 793 (6th Cir. 2004) (citations omitted).  Recently, the Supreme Court

explained that the *Rooker-Feldman* doctrine "is confined to cases of the kind from

which the doctrine acquired its name: cases brought by state-court losers

complaining of injuries caused by state-court judgments ... and inviting district

court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic

Indus. Corp.*, 544 U.S. 280, 284 (2005).

This case is similar to other cases dismissed in this District on the basis of

the *Rooker-Feldman* doctrine.  *Fender v. State Treasurer*, 2012 WL 3112386, *2

(E.D. Mich. 2012) (Plaintiff's complaint challenging the state court judgment

ordering that the County be reimbursed under the SCFRA barred by *Rooker-

Feldman*); *Strobel v. Dillon*, 2011 WL 5547105 (E.D. Mich. 2011) (*Rooker-

Feldman* barred the plaintiff's claims where the filing of the complaint in federal

court was merely an attempt to void or avoid the state court's final order under the

SCFRA and there was no other source of plaintiff's injury).  This case is virtually

indistinguishable from *Strobel*, where the plaintiff, also incarcerated, filed suit

against the State Treasurer, claiming that the state court order under SCFRA

violated ERISA.  Pointing to Sixth Circuit authority, the court observed that the

defendant could only reach a plaintiff's pension benefit though a state court order

issued after bringing an SCFRA suit:

the plaintiffs are ostensibly complaining of injuries

> caused by the actions of third parties-the conversion of
> their pension benefits by state officials-but those actions
> were the direct and immediate products of the state-court
> SCFRA judgments. The plaintiffs' claims and arguments
> make this clear: They assert that the state courts erred in
> issuing the SCFRA judgments and do not claim that the
> defendants have injured them in any way except by
> strictly executing those judgments. Accordingly, the
> plaintiffs' claims of specific injuries that they have
> suffered are actually challenges to the state-court SCFRA
> judgments and are barred by the *Rooker-Feldman*
> doctrine.

*Abbott v. Michigan*, 474 F.3d 324, 329 (6th Cir. 2007).  Given that plaintiff's

claims are a direct challenge to the state court final order, his claims are barred by

*Rooker-Feldman*.  This includes all of plaintiff's claims, including those purporting

to arise under 42 U.S.C. § 1983 and ERISA.[2]  *See e.g.*, *McCarty v. Doe*, 289

Fed.Appx. 836, 837-838 (holding that *Rooker-Feldman* doctrine and *res judicata*

barred action by Michigan state prisoners filed against the Michigan State

Treasurer and others pursuant to § 1983, ERISA, and state tort law where there was

a state court judgment upholding the seizure of pensions pursuant to SCFRA);

*Gottfied v. Med. Planning Servs.*, *Inc.*, 142 F.3d 326, 330 (6th Cir. 1998) (The

*Rooker-Feldman* doctrine includes cases brought under 42 U.S.C. § 1983 because

---

[2] Plaintiff's argument that ERISA preempts the SCFRA is without merit, given that his
benefit plan is not, in any event, governed by ERISA.  *Cochran v. Wayne County Employees
Retirement Systems*, 2012 WL 1048561, *2 (E.D. Mich. 2012), citing 29 U.S.C. § 1002(32)
(ERISA does not apply to government benefit plans.); *Weiner v. Klais and Co., Inc.*, 108 F.3d
86, 89-90 (6th Cir. 1997).

of the "full faith and credit" given to state judicial proceedings.) (citations

omitted); *Abbott v. Michigan*, 474 F.3d 324, 332 (6th Cir. 2007).[3]

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that

defendant's motion to dismiss be **GRANTED**.

The parties to this action may object to and seek review of this Report and

Recommendation, but are required to file any objections within 14 days of service,

as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).

Failure to file specific objections constitutes a waiver of any further right of appeal.

*Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human*

*Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but

fail to raise others with specificity will not preserve all the objections a party might

have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human*

*Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local*

*231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any

objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.

Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains.  Not later than 14 days after service of an

---

[3] Given this conclusion, defendant's remaining arguments need not be addressed.

objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: March 29, 2013                       s/Michael Hluchaniuk
                                           Michael Hluchaniuk
                                           United States Magistrate Judge

## CERTIFICATE OF SERVICE

       I certify that on March 29, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Lawrence R. Walker, and I certify that I have mailed by United States Postal Service the foregoing pleading to the following non-ECF participant(s), at the following address(es): Donald Richardson, ID# 719076, CARSON CITY CORRECTIONAL FACILITY, 10522 Boyer Road, Carson City, MI 48811.

                                           s/Tammy Hallwood
                                           Case Manager
                                           (810) 341-7887
                                           tammy_hallwood@mied.uscourts.gov